**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-1969-WJM-BNB

COLORADO STRUCTURES, INC.,

     Plaintiff,

v.

WSSA VA, LLC,

     Defendant.

---

## ORDER *SUA SPONTE* REMANDING CASE

---

     This matter is before the Court *sua sponte* on Defendant's Notice of Removal (the "Notice"). (ECF No. 1.) In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

     In the Notice, Defendant avers that the Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). (ECF No. 1 ¶ 1.) Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." For the reasons set forth below, the Court finds that Defendant has failed to provide sufficient information to permit the

Court to find either that there is complete diversity or that the amount in controversy requirement is satisfied here.

With respect to diversity between the parties, the Notice alleges that the Plaintiff is a Colorado corporation with its principal place of business in Colorado, and that Defendant is a Michigan limited liability corporation with its principal place of business in Michigan. (ECF No. 1 ¶¶ 4-5.) These allegations are insufficient to permit the Court to determine whether complete diversity exists because the Court must consider the citizenship of all members of a limited liability corporation. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citizenship of an LLC is determined by the citizenship of all of its members). Because Defendant has not provided the Court with information regarding all of the members of its limited liability corporation, it has not provided sufficient information to permit the Court to determine that complete diversity exists.

The Court also finds that the Notice is insufficient with regard to the amount in controversy. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Here, the Complaint does not include a sum certain damages request. (ECF No. 3.) This is a construction dispute involving a developer and a contractor. The Complaint contains no allegation with regard to the amount of the subject contract, the value of the work performed on the contract, or the value of any damages suffered by the Plaintiff. (*Id.*)

As the Complaint does not establish that the amount in controversy has been satisfied, the Court therefore must look to the Notice to determine if Defendant has

2

"affirmatively established" the amount in controversy. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When doing so, the Court must keep in mind that the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin*, 251 F.3d at 1289-90. The only allegation in the Notice with regard to the amount in controversy is that "Plaintiff filed a civil cover sheet in the State Court Action asserting that it is seeking money damages in excess of $100,000." (ECF No. 1 ¶ 7.) However, this Court has repeatedly held that the election of the value of a case on a civil cover sheet is insufficient to establish the amount in controversy. *See, e.g., Humphreys v. Am. Family Mut. Ins. Co.*, 2008 WL 2787344 at *2 (D. Colo. July 15, 2008).

The party invoking federal jurisdiction—here, the Defendant—bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court starts with the presumption that there is no sufficient basis for subject matter jurisdiction and the burden is on the removing party to establish by a preponderance of the evidence the facts necessary to demonstrate the existence of such jurisdiction. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). Defendant's Notice of Removal fails to establish that there is complete diversity between the parties or that the amount in controversy exceeds $75,000. As such, the Court finds that the Notice of Removal is insufficient to meet Defendant's burden of establishing jurisdiction.

Accordingly, the Court ORDERS that the above-captioned action is REMANDED to the District Court of the County of El Paso, Colorado.

3

Dated this 7th day of August, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge